**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

JOHN NANNI,                                )
an individual,                             )
                                           )
      Plaintiff,                        )     Case No:
                                           )
v.                                         )
                                           )
GRADERA BOXWOOD, LLC,                       )
a Delaware Limited Liability Company,       )
                                           )
      Defendant.                        )
_____    /

**COMPLAINT**

Plaintiff, JOHN NANNI, an individual, by and through his undersigned counsel, hereby files this Complaint and sues GRADERA BOXWOOD, LLC, a Delaware Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. §§ 12181 et seq., ("Americans with Disabilities Act" or "ADA") and states as follows:

**JURISDICTION AND PARTIES**

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the ADA. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3.      Plaintiff, JOHN NANNI, (hereinafter referred to as "MR. NANNI") is a resident of the State of Delaware.

4.      MR. NANNI is a qualified individual with a disability under the ADA. MR. NANNI suffers from Post-Polio Syndrome. MR. NANNI can only walk a very limited distance each day, and is otherwise confined to a wheelchair.

1

5.      Due to his disability, Plaintiff is substantially impaired in several major life activities including walking and standing, and requires a wheelchair for mobility.

6.      The Defendant, GRADERA BOXWOOD, LLC, (hereinafter referred to as "DEFENDANT") is a Delaware Limited Liability Company registered to do business in Delaware. DEFENDANT is the owner, lessee, and/or operator of the place of public accommodation including the real property and improvements which is the subject of this action, to wit: generally located at 620 S Maryland Ave, Wilmington, DE 19804 ("the Property").  The Defendant is responsible for complying with the obligations of the ADA.

7.      All events giving rise to this lawsuit occurred in the District of Delaware.

**COUNT I**
**(VIOLATION OF TITLE III OF THE ADA)**

8.      The allegations set forth in the preceding paragraphs above are incorporated by reference as if fully set forth herein.

9.      The Property, a shopping plaza with numerous stores and restaurants, is a place of public accommodation and is therefore subject to Title III of the ADA.

10.     MR. NANNI has visited the Property several times during the past two years, regularly travels to the Wilmington area where the Property is situated and plans to return to the Property in the near future.

11.     During his visits, MR. NANNI experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed herein.

12.     MR. NANNI intends to and will visit the Property to utilize the goods and services in the future, but fears that he will face the same barriers to access as discussed herein.

13.     Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of 42 U.S.C. §§ 12181 et seq. and 28 C.F.R. §§ 36.304 et seq. by excluding and/or

denying Plaintiff the benefits of the goods and services located on the Property by failing to have accessible facilities by January 26, 1992.  These barriers to access include, but are not limited to the following items which plaintiff personally observed and/or encountered at the Property:

A.    Plaintiff encountered inaccessible disabled use parking spaces near the Save-A-Lot tenant due to excessive slopes, pavement in disrepair and low signage. These conditions forced Mr. Nanni to utilize extra caution in loading and unloading from his vehicle to avoid the heightened risk of a fall on the excessive slopes.

B.    Plaintiff encountered inaccessible disabled use parking spaces near the Deerhead Hot Dogs restaurant due to excessive slopes, pavement in disrepair and an inadequately sized access aisle which was less than five (5) feet wide for the full length of the space.  These conditions forced Mr. Nanni to utilize extra caution in loading and unloading from his vehicle to avoid the heightened risk of a fall and was too close to nearby vehicular traffic.

C.    Plaintiff encountered inaccessible sidewalk routes throughout the Property between tenant spaces due to disrepair and changes in level of over 5% without the provision of handrails.  This forced Mr. Nanni to utilize extra caution maneuvering throughout the sidewalks and increased his risk of a fall.

D.    Plaintiff encountered inaccessible curb ramps throughout the Property due to excessive slopes and pavement in disrepair.  These issues caused Mr. Nanni difficulty and required that he use extra caution to avoid a fall while maneuvering over these ramps.

14.     To date, the barriers and other violations of the ADA which are readily achievable to remedy still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15.     Independent of his intent to return as a patron of the Property because he likes the mix of stores located there, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.  However, but for the above described barriers to access, Plaintiff would visit the Property more often.

16.     Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on the Defendant.

17.     Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

18.     The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against DEFENDANT and requests the following injunctive and declaratory relief:

A.     That the Court declares that the Property owned and operated by DEFENDANT is in violation of the ADA;

B.     That the Court enter an Order directing DEFENDANT to alter the facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

4

C.     That the Court enter an Order directing DEFENDANT to evaluate and neutralize the policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANT to undertake and complete corrective procedures.

D.     That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and that the Court award such other and further relief as it deems necessary, just and proper.

E.     That this Court award Plaintiff such other additional and proper relief as may be just and equitable.

Dated: March 6, 2026

Respectfully Submitted,


By: */s/ Courtney Prinski*
            Courtney Prinski (#5432)
            Jacobs & Crumplar, P.A.
            *Of Counsel*
            10 Corporate Circle, Suite 301
            New Castle, DE 19720
            Tel.: (302) 656-5445
            Fax: (302) 656-5875
            E-Mail:  CourtneyP@jcdelaw.com

                    -and-

            Ku & Mussman, P.A.
            18501 Pines Blvd, Suite 362
            Pembroke Pines, FL 33029
            Tel: (305) 891-1322
            Fax: (954) 686-3976